IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| D-M-S HOLDINGS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 09-07726 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| VERIDIAN HEALTHCARE, LLC, STEVEN ) | |
| M. BISULCA, AND MICHAEL MAZZA, ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST MOTION FOR EXTENSION OF TIME

We usually do not object to a party's motion for an extension of time, especially right after the holiday season when people have been out of the office. But the reasons and facts stated in the Defendants' motion are incorrect, and the parties might as well get off on the right foot at the outset of the case.

First, Ms. Jensen-Welch is not lead counsel for the Defendants. David Levitt of Hinshaw & Culbertson LLP is. Second, Ms. Jensen-Welch did not say what is attributed to her in Paragraph 5 of the Defendants' Motion (that the plaintiff would be unlikely to agree to an extension of more than seven days); what she said was that she could agree to an extension of seven days right then, but that she would have to check with the client before agreeing to more – and she agreed to make that call. However, before she could hear from the client and get back to Mr. Griesmeyer, the Defendants filed this motion, misstating Ms. Jensen-Welch's comments.

Third, if the Defendants had waited before filing the motion to give Ms. Jensen-Welch the chance to contact DMS (which she did that same day), or had listened to the voicemail message that Ms. Jensen-Welch left that same afternoon, or had returned her phone call, or had returned the phone call left for Mr. Griesmeyer by David Levitt on January 5, 2009, they would have learned that DMS was (and remains) willing to agree to an extension as a professional courtesy of 14 to 21 days, perhaps mooting the need to file the motion.

However, the reasons given by the Defendants for seeking an extension are not valid. The only new claims are the intellectual property claims for trade dress infringement, and copyright infringement, both under federal law and equivalent Illinois statutes. The rest of the claims are substantially similar to the trade secret missappopriation and breach of employment contract/breach of fiduciary duty claims originally made in a lawsuit filed against defendants Bisulca and Mazza in the Circuit Court of Lake County in July, 2009[1] – so the Defendants have had months to investigate the facts alleged in the non-intellectual property counts.

Regarding the new intellectual property Counts of the Complaint, Paragraph 6 of the Defendants' motion states that ongoing investigation suggests grounds to dismiss them, but that information is needed from third-party manufacturers located in Asia. This, though, is not a legitimate basis for an extension.

As to the trade dress – which relates to packaging developed in Waukegan, Illinois at a time when defendants Bisulca and Mazza were still high-ranking officers of DMS, all of the evidence is here in the United States. As to the copyright infringement claims, the items at issue were marked with a copyright notice stating: "©2006 MABIS Healthcare." Therefore, at the time that the defendants Bisulca and Mazza were responsible for this product, *they themselves* caused the documents to include copyright notices.

Moreover, each of the copyrighted Works at issue has been registered with the Copyright Office, and copies of the Registration Certificates issued by the Copyright Office are attached as exhibits to the Complaint. Copyright registrations are prima facie evidence of the validity and ownership of the copyrights. 17 U.S.C. § 410(c). Thus, while the Defendants remain free to seek to contest the validity and ownership of the copyrights, however futile such an effort might be, there can never be grounds for a *dismissal* (the basis mentioned in Paragraph 6 of the Motion for Extension), no matter what the Defendants think that they might get from an Asian manufacturer.

---

[1] That lawsuit was voluntarily dismissed, without prejudice, on September 16, 2009. Before filing that motion, Ms. Jensen-Welch told Mr. Griesmeyer on September 10, 2009 that DMS intended to refiled the case in federal court at a later date with additional claims.

As the Complaint alleges, the Defendants have actively and intentionally misappropriated information and intellectual property of DMS. While time is not necessarily critical, neither is it immaterial – as the Defendants continue to improperly use and infringe on DMS' intellectual property. Therefore, while DMS and its counsel are generally willing to accommodate opposing counsel (and, as stated above, are amenable of an extension of 14 to 21 days), they cannot agree that a reasonable effort was made to obtain an extension, that a full 28 days are needed to obtain information which is immaterial to a proposed motion to dismiss, or that this case should start off on a track where unnecessary extensions become the norm. Therefore, this Court should deny the Motion for Extension.

Respectfully submitted,

/s/ David H. Levitt

Jill R. Jensen-Welch
DICKINSON, MACKAMAN, TYLER & HAGEN, P.C.
699 Walnut Street, Suite 1600
Des Moines, Iowa 50309-3986
Telephone: (515) 244-2600
FAX: (515) 246-4550
jjensen@dickinsonlaw.com

David H. Levitt
Evan D. Brown
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601
Telephone: (312) 604-3000
FAX: (312)704-3001
dlevitt@hinshawlaw.com
ebrown@hinshawlaw.com

ATTORNEYS FOR PLAINTIFF D-M-S HOLDINGS, INC.

**CERTIFICATE OF SERVICE**

I certify that pursuant to Local Rule 5.5, service of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST MOTION FOR EXTENSION OF TIME was accomplished upon all Filing Users pursuant to the Court's Electronic Case Filing system on **January 5, 2010**.

/s/ Evan D. Brown